| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO.  4:16-CR-71(5) |
| | § | |
| SONIA MORGAN | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Sonia Morgan's ("Morgan") *pro se* Petition for Leave to File Second Petition and Memorandum in Support of Petition for Relief Under the First Step Act and the Coronavirus Relief (CARES) Act (#323), which the court construes as a request to reconsider its June 25, 2020, Order (#321) denying her motion for compassionate release dated May 18, 2020 (#315).[1] United States Pretrial and Probation Services ("Probation") submitted an updated report, which again recommends the denial of Morgan's motion.  Having considered the pending motion, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

In the instant motion, Morgan does not assert any novel legal arguments, present any new bases for relief, raise any substantial factual or legal issues warranting relief, show that she is receiving inadequate heath care at the facility where she is housed, or demonstrate that she would not pose a risk to society, if released from prison.  Morgan, age 56, relies on her previously disclosed medical conditions; however, there is no indication of a change in her medical status.

---

[1] "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Hall v. Briser*, No. 19-31041, 2020 WL 6266167, at *1 (5th Cir. Oct. 23, 2020); *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) ("filings of a *pro se* litigant are 'to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"); *Thorn v. McGary*, 684 F. App'x 430, 432 n.2 (5th Cir. 2017) ("We liberally construe briefs of pro se litigants.").

Additionally, Morgan attaches an affidavit from Brie Williams, M.D., Professor of Medicine at the University of California, San Francisco, which states that "I submit this affidavit in support of any defendant seeking release from custody during the COVID-19 pandemic, so long as such release does not jeopardize public safety and the inmate can be released to a residence in which the inmate can comply with [Centers for Disease Control] social distancing guidelines." It appears that Dr. Williams is not Morgan's treating physician nor has she even met Morgan. Thus, she lacks specific knowledge of the conditions and circumstances within the facility where Morgan is housed or of Morgan's health and criminal history.

Regardless, "compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Where, as here, a prisoner has engaged in "severe" criminal conduct and has a significant criminal history, the district court has discretion to deny compassionate release after weighing the evidence. *Id.* at 693-94. As pointed out in the court's prior order, Morgan served as the head of a drug-trafficking cell in Pennsylvania and was responsible for the distribution of between 50 and 150 kilograms of cocaine. Her criminal history includes two prior convictions for delivery of a controlled substance, one conviction for possession of a controlled substance, and another conviction for use or possession of drug paraphernalia. In addition, she has a gambling problem and a history of substance abuse. Thus, the court cannot conclude that Morgan would not pose a danger to the safety of the community, if released from confinement.

Moreover, in the case at bar, granting Morgan compassionate release would fail to provide just punishment for her offense and promote respect for the law. In *Chambliss*, the United States

Court of Appeals for the Fifth Circuit found that the district court did not abuse its discretion in denying compassionate release to a defendant due to the defendant's not yet having served a sufficient portion of his sentence. *Id.* at 694. The district court determined that the defendant's terminal illness "constitut[ed] 'an extraordinary and compelling reason for a sentence reduction' and that he '[did] not present a danger upon release,'" but denied release because "releasing [the defendant] after serving only 14 years of a 30-year sentence minimizes both the impact of [the defendant's] crime and seriousness of the offense." *Id.* at 693-94. "Moreover, the [district] court, citing the § 3553(a) factors, determined that requiring [the defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Id.* In the instant case, releasing Morgan after she has served only 50 months of her 151-month sentence would similarly minimize the impact of her crime and the seriousness of her offense.

Furthermore, as of November 18, 2020, the figures available at www.bop.gov list 4 inmates (out of a total inmate population of 541) at Alderson Federal Prison Camp, located in Alderson, West Virginia, as currently having confirmed positive cases of COVID-19 and 6 inmates who have recovered. Thus, it appears that the facility where Morgan is housed is handling the outbreak appropriately and providing adequate medical care. Accordingly, Morgan's Motion (#323) is DENIED.

SIGNED at Beaumont, Texas, this 19th day of November, 2020.

*Marcia A. Crone*
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE